## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SARA WOOD,<br><br>  Plaintiff,<br><br>v.<br><br>(1) MARY BYRD HULL, TRUSTEE FOR THE REVOCABLE INTER VIVOS TRUST OF BETTY L. PETTIGROVE, and<br>(2) MARY BYRD HULL, TRUSTEE FOR THE JOHN R. PETTIGROVE TRUST,<br><br>  Defendants. | CASE NO.: CV-2016-450-TCK-TLW |

### DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES

Defendant Mary Byrd Hull, Trustee for the Revocable Inter Vivos Trust of Betty L. Pettigrove and Trustee for the John R. Pettigrove Trust ("Defendant"), pursuant to LCvR7.2(h), hereby moves the Court for an order granting Defendant leave to file a supplemental brief in support of Defendant's Motion to Dismiss for Failure to Join Indispensable Parties (the "Motion to Dismiss") (Doc. No. 61, 62), to include certain testimony and admissions of Plaintiff during her recent deposition regarding the affidavit filed by Plaintiff in opposition to the Motion to Dismiss. In support of this Motion, Defendant shows the Court as follows:

1. On May 30, 2017, Defendant filed the Motion to Dismiss, moving the Court for an order dismissing Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join indispensable parties as required by Fed. R. Civ. P. 19. (Doc. No. 61, 62.)

2. The crux of Defendant's Motion to Dismiss relates to Plaintiff's failure to include all interested beneficiaries of the Revocable Inter Vivos Trust of Betty L. Pettigrove

and the Revocable Inter Vivos Trust of John R. Pettigrove (collectively, the "Trusts") as parties in this action.  Defendant also noted in the Motion that one of these beneficiaries, Plaintiff's brother, Donald ("Donny") Wood, is a resident of Oklahoma and could not be joined without destroying the Court's diversity jurisdiction.

3. In the Amended Complaint, Plaintiff alleges that the named beneficiaries of the Trusts (other than the Settlors) are the Settlors' children: Defendant, John Pettigrove, II (Defendant's brother), and Nancy Wood (Defendant's deceased sister).  Plaintiff further alleges that the terms of the Trusts direct if one of the Settlor's children predeceased both parents, the predeceased child's children take that beneficiary interest through representation.  Nancy Wood predeceased Betty L. Pettigrove.  Thus, Plaintiff alleges, she and her three siblings are entitled to their mother's share.

4. Plaintiff's claims in this case are for various breaches of the Trusts allegedly committed by Defendant as Successor Trustee.  Plaintiff and Defendant are the only named parties to this action.

5. Defendant asserts in the Motion to Dismiss that (i) all absent beneficiaries of the Trusts are necessary to a just adjudication of this action, (ii) joinder of the absent beneficiaries is not feasible, and (iii) the absent beneficiaries are indispensable parties, barring continuance of this action without their presence.  Defendant supported the contentions made in the Motion to Dismiss with, among other things, an affidavit executed by Defendant.

6. Plaintiff responded to the Motion to Dismiss, arguing that all absent beneficiaries are aware of the lawsuit but have made no claim, thus they are not necessary parties. (Doc. No. 64.)  Plaintiff's response was also supported by an affidavit executed by Plaintiff, in which Plaintiff states that "[b]efore or shortly after filing this lawsuit," Plaintiff

personally informed the other beneficiaries of the Trusts "about this lawsuit." (Doc. No. 64, Exhibit 1, Wood Affidavit at p. 2, ¶ 6.) Plaintiff also stated that none of the other beneficiaries of the Trusts "have indicated they intend to pursue any claim against Defendant Mary Hull, regardless of the outcome of this lawsuit." (Id. at ¶ 8.) Finally, Plaintiff stated that none of the other beneficiaries "have informed me that the claims I have asserted in this case conflict with their interests or adversely affect them in any manner." (Id. at ¶ 9.)

7. Since the Motion to Dismiss was filed, Defendant has conducted additional discovery, including taking Plaintiff's deposition on August 10, 2017.[1] During the course of that deposition, Plaintiff provided testimony regarding the extent of the knowledge the absent beneficiaries actually have regarding this lawsuit.

8. This testimony adds context and clarification to the affidavit previously signed by Plaintiff and submitted in opposition to the Motion to Dismiss, and raises questions about the accuracy of Plaintiff's prior sworn statements. Specifically, Plaintiff admits that the conversations described in her Affidavit were a series of very brief telephone calls with each of the other beneficiaries of the Trusts in April 2016, three months before this lawsuit was ever filed. (Exhibit 1, Deposition of Sara Wood at 82:4-14, 86:16-87:13, 88:12-94:14, 99:13-100:13, 136:21-138:21, 157:9-161:20.) According to Plaintiff, the purpose of these calls was to inform her family of the fact that she had requested records relating to the Trusts from the Defendant. (Id.) Plaintiff admits that at the time of these conversations, the lawsuit had not been filed, and the subject of the lawsuit may not have even been discussed during these phone conversations. (Id. at 157:9-161:20.) Moreover, Plaintiff has never discussed the details of

---

[1] Defendant's counsel received the certified transcript of Plaintiff's deposition from the court reporter on August 21, 2017.

her claims or the remedies she is seeking in this lawsuit with the other beneficiaries. (Id. at 94:5-14, 95:7-99:12.)

9. Plaintiff further admits that she has not spoken with her brother, Donny, since this initial telephone call, and has never informed Donny that this lawsuit was filed. (Id. at 89:21-98:14.)

10. Further, the veracity of Plaintiff's prior statement in the Affidavit that none of the other beneficiaries have indicated that Plaintiff's claims in this case "conflict with their interests or adversely affect them in any manner" (Doc. No. 64, Exhibit 1 at p. 2, ¶ 9) is also called into question by her subsequent deposition testimony. First, as Plaintiff's testimony makes clear, there is no indication that Plaintiff's brother, Donny, has any information about this case of the claims asserted by the Plaintiff, and therefore could not determine whether Plaintiff's claims conflict with his interests. (Id. at 89:21-98:14.) Moreover, although Plaintiff testified that she provided "high level, broad brush strokes" summaries about this lawsuit to her two other siblings and her uncle, she does not recall informing her siblings or uncle that she is seeking money damages in this lawsuit, and she has not shared any of the information she has received through this lawsuit with her siblings or uncle. (Id. at 94:5-14, 95:7-99:12.)

11. Finally, contrary to the implication of her prior Affidavit that none of the other beneficiaries intend to pursue claims against the Defendant, Plaintiff testified that it is her assumption that the other beneficiaries would, in fact, pursue claims for damages against the Defendant in the event the Plaintiff were to prevail in this case. (Id. at 163:6-23, 167:8-15.)

12. The admissions and statements made during Plaintiff's deposition are relevant to the issues briefed in the Motion to Dismiss. A supplemental brief summarizing the relevant deposition testimony and explaining how this testimony impacts the issues presented in the

Motion to Dismiss would assist the Court in resolving that Motion.

13. Defendant's counsel contacted Plaintiff's counsel before filing this Motion. Plaintiff's counsel has indicated that Plaintiff opposes the relief requested in this Motion.

WHEREFORE, Defendant respectfully requests that this Court issue an order granting Defendant leave to file a supplemental brief in support of Defendant's Motion to Dismiss to supplement the record to include the Plaintiff's deposition testimony and to address how this testimony impacts the issues before the Court.

Respectfully submitted,

s/ Matthew W. Brockman
Charles E. Geister III, OBA No. 3311
Matthew W. Brockman, OBA No. 22077
Hartzog Conger Cason & Neville LLP
201 Robert S. Kerr Avenue, Suite 1600
Oklahoma City, OK 73102
Telephone:  405-235-7000
Facsimile:  405-996-3403
cgeister@hartzoglaw.com
mbrockman@hartzoglaw.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Christopher B. Woods
Mary A. Shipley
Ruth J. Addison

s/ Matthew W. Brockman
Matthew W. Brockman