IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) SARA WOOD,                          )
                                        )
    Plaintiff,                  )
                                        )
v.                                      )    Case No. 16-CV-450-TCK-JFJ
                                        )
(1) MARY BYRD HULL, TRUSTEE             )
FOR THE REVOCABLE INTER                 )
VIVOS TRUST OF BETTY L.                 )
PETTIGROVE, and                         )
(2) MARY BYRD HULL, TRUSTEE             )
FOR THE JOHN R. PETTIGROVE              )
TRUST,                                  )
                                        )
    Defendants.                 )

## OPINION AND ORDER

Before the Court are Defendant's Motion to Dismiss for Failure to Join Indispensable Parties (Doc. 61) and Errata (Doc. 62); Plaintiff's Motion in Limine (Doc. 78); Plaintiff's Motion for Summary Judgment (Doc. 79); Defendant's Motion for Partial Summary Judgment (Doc. 80); Defendant's Motion to Exclude Testimony (Doc. 81); and Defendant's Motion for Leave to File Supplemental Brief in Support of Defendant's Motion to Dismiss (Doc. 85).

**I.    Factual Background and Allegations[1]**

Defendant Mary Byrd Hull has served since 2002 as the successor trustee of the Revocable Inter Vivos Trust of Betty L. Pettigrove (the "Betty Pettigrove Trust") and the Revocable Inter Vivos Trust of John R. Pettigrove (the "John Pettigrove Trust") (collectively, the "Trusts"). Plaintiff alleges that the *res* of the Trusts once included assets valued at more than $7 million. The Betty

---

[1] The facts stated reflect Plaintiff's allegations as well as evidence submitted by the parties, which the Court may consider in connection with a motion to dismiss for failure to join indispensable parties. *See Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

Pettigrove Trust was created in 1986 and amended in 1992 and 1994. The John Pettigrove Trust was created in 1992, and its terms are materially the same as the governing terms of the Betty Pettigrove Trust, as amended. The John Pettigrove Trust provided that the income and principal of the trust were to be used solely for the care and maintenance of Betty Pettigrove. The Betty Pettigrove Trust required the trustee to pay the net income and principal to Betty Pettigrove during her lifetime, and provided that if Betty Pettigrove became incapacitated, the trustee may apply all or any part of the net income or principal towards her support, care, and maintenance, or otherwise for her benefit.

Both Trusts provided that upon the death of both John Pettigrove and Betty Pettigrove, the trustee must terminate the trust and distribute the assets in the trust to the beneficiaries "in equal shares, share and share alike." (Def.'s Mot. to Dismiss, Ex. 2 at p. 4, art. IV(A)-(B); *id.*, Ex. 4 at p.1, art. IV(B).) Plaintiff alleges that if one of the Pettigroves' children predeceased his or her parents, the children of the predeceased beneficiary take their parent's beneficiary interest through representation.

John Pettigrove died on March 1, 1998, and Betty Pettigrove died on December 21, 2012. The beneficiaries of both Trusts are the three children of John and Betty Pettigrove: John Pettigrove II; Mary Byrd Hull, the Defendant in this case; and Nancy Wood, Plaintiff's mother. Nancy Wood predeceased Betty Pettigrove in 2009 and was survived by four children: Sara Wood, the Plaintiff in this case; Donald Wood; William Wood; and Kathryn Wood. The John Pettigrove Trust has been closed and all of its assets distributed. The assets of the Betty Pettigrove Trust, except for certain mineral interests, were distributed after Betty Pettigrove's death.

Plaintiff filed this lawsuit in federal district court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Plaintiff alleges that she is a beneficiary of the Trusts and that Defendant, in her role as Trustee of the Trusts, mismanaged assets of the Trusts, improperly diverted

funds from the Trusts for her personal benefit, failed to maintain complete records of the Trusts, and failed to provide annual statements of account for the Trusts.

## II.     Motion to Dismiss

Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)") for failure to join indispensable parties under Federal Rule of Civil Procedure 19 ("Rule 19"). Defendant contends John Pettigrove II, Donald Wood, William Wood, and Kathryn Wood (collectively, the "Absent Beneficiaries"), who are not parties in this lawsuit, are indispensable parties whose joinder would destroy complete diversity in this case. Plaintiff is a resident of California, and Defendant is a resident of Oklahoma. Plaintiff's brother Donald Wood is a resident of Oklahoma, and it is undisputed that his joinder would destroy complete diversity.[2]

### A.     Rule 12(b)(7) Standard

Under Rule 12(b)(7), a party may move for dismissal based on the failure to join an indispensable party under Rule 19. In the Tenth Circuit, "[a] finding of indispensability under Fed. R. Civ. P. 19(b) has three parts." *Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 (10th Cir. 2012) (citing *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001)). "First, the court must find that a prospective party is 'required to be joined' under Rule 19(a)." *Id.* Rule 19(a) provides, in relevant part:

> (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[2] John Pettigrove II is a resident of Texas. William Wood is a resident of Louisiana. Kathryn Wood is a U.S. citizen currently residing in Wales.

3

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

"Second, the court must determine that the required party cannot feasibly be joined." *Harnsberger*, 697 F.3d at 2178. Joinder is feasible when the necessary party is "subject to service of process and . . . joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a).

Third, if joinder is not feasible, "the court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to the action that the action cannot 'in equity and good conscience' proceed in that person's absence. If that is the case, then the action 'should be dismissed.'" *Harnsberger*, 697 F.3d at 1278-79 (citing Fed. R. Civ. P. 19(b)). Four factors inform whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors include:

[F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Norton*, 248 F. 3d at 997 (citing Fed. R. Civ. P. 19(b)). The Rule 19(b) factors should "be evaluated in a practical and pragmatic but equitable manner, and be given the appropriate weight." *Rishell v. Jane Phillips Episc. Mem. Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996) (citing *Francis Oil &*

*Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 878 (10th Cir.1981)). The moving party bears "the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994). This burden can be met with "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Id.* (internal quotation and citation omitted).

**B.  Analysis**

**i.  Necessity of Parties**

Defendant contends this action could impair or impede the Absent Beneficiaries' ability to protect their interests in the Trusts if they are not joined because Plaintiff seeks an accounting of the Trusts and the restoration of trust assets, the resolution of this case will require construction of the terms of the Trusts, and a judgment in this case may affect the *res* of the Trusts. The general rule is that all beneficiaries are necessary parties in an action requiring restoration of trust assets or an accounting. *See Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982) (citing GEORGE G. BOGERT ET AL., BOGART'S TRUSTS AND TRUSTEES § 522 (2d ed. 1978); *see also Tick v. Cohen*, 787 F.2d 1490, 1494 (11th Cir. 1986) (finding absent beneficiaries "are persons to be joined if feasible" where plaintiffs sought removal of trustee, accounting of trusts, and restoration of trust assets). In addition, the Oklahoma Trust Act (the "Act"), which governs the Trusts, defines necessary parties to an action under the Act to include "those persons designated as beneficiaries by name or class in the instrument creating the trust and who have a vested interest in the trust which is the subject of the action . . . and any persons who may be actually receiving distributions from the trust estate at the time the action is filed." Okla. Stat. tit. 60, § 175.23(C). The joinder of necessary parties is a jurisdictional requirement in a state court action under the Act. *First Nat'l Bank of Enid v. Clark*, 402 P.2d 248, 250 (Okla. 1965).

Plaintiff contends the general rule is not applicable here. First, Plaintiff argues that the resolution of her claims will not affect the Absent Beneficiaries' interests because she only seeks money damages from Defendant personally, not restoration of trust assets. However, Plaintiff's Amended Complaint does not seek relief for any specific harm unique to Plaintiff. Rather, it arises from her interests in the Trusts. For example, Plaintiff alleges that Defendant "violated her duties as successor trustee to both Trusts by failing to close the Trusts and distribute the assets to the beneficiaries, failing to maintain complete records of either of the Trusts, and failing to provide annual statements of accounts regarding the Trusts to the beneficiaries." (Am. Compl. ¶ 31.) She alleges further that Defendant caused "damage to the *res* of the Trusts," (*id.* at ¶ 34), which held "in excess of seven million dollars" (*id.* at ¶ 19). Plaintiff seeks "an accounting of both [Trusts], and any other relief to which she may be entitled." (*Id.* at p. 7). Because the Trusts have multiple beneficiaries who are to take proportionately from certain trust assets, a construction of the terms or judgment affecting the *res* of the Trusts could affect the Absent Beneficiaries' interests. *See Tick*, 787 F.2d at 1494 (finding absent beneficiaries are necessary parties where plaintiffs "seek broad relief including[] the removal of [the trustee], an accounting of all trusts, and the restoration of trust assets"); *Hjersted*, 2009 WL 2982917, at *6-7 (rejecting argument that plaintiff only sought individual damages from defendants' misconduct in administering estate because "[a]s a practical matter, this claim puts at issue defendants' handling of the entire Estate as executor and attorney").

Next, Plaintiff contends the Absent Beneficiaries are not persons who "claim[] an interest" in the subject of this lawsuit because they are aware of the proceeding and have not sought to join it or otherwise assert a claim. Fed. R. Civ. P. 19(a)(1)(B). Plaintiff states that she informed each of the Absent Beneficiaries of the lawsuit around the time she filed it and they have each chosen "[f]or their own personal reasons" not to participate or assert a claim relating to the subject of this

6

case. (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. 1 at ¶ 6.) However, Plaintiff has not shown that such acts are required for the Absent Beneficiaries to be found necessary under Rule 19(a). The Tenth Circuit has found that certain absent parties were necessary to a lawsuit, although they had not sought to join or otherwise assert a claim relating to the subject of the lawsuit. *See Davis v. U.S.*, 192 F.3d 951, 958 (10th Cir. 1999) (holding that absent party was necessary where a ruling may "have the practical effect of modifying" its interests); *see also Hjersted v. Hjersted*, Civ. No. 08-2419-KHV, 2009 WL 2982917, at *9 (D. Kan. Sept. 14, 2009) (finding absent beneficiaries were necessary where "[t]his case arises from disputes between close family members . . . and none of the absent beneficiaries have waived any rights or claims regarding defendants' conduct which is the subject of this lawsuit"); *but see United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (affirming a district court's finding that joinder of an absent party was not necessary where the absent corporate party "was aware of this action and chose not to claim an interest").

Each of the Absent Beneficiaries has accepted distributions from the Trusts and remains a beneficiary of the Betty Pettigrove Trust, and none has waived any right or interest in the Trusts. Accordingly, the Court finds that the general rule is applicable, and the Absent Beneficiaries are persons needed for a just adjudication of this case.

    **ii.**  **Indispensability of Parties**

It is undisputed that joinder of Donald Wood is not feasible because it would destroy complete diversity between the parties, depriving the Court of subject-matter jurisdiction. Accordingly, the Court must next determine whether the Absent Beneficiaries are indispensable to the litigation pursuant to Rule 19(b).

### a. Potential for Prejudice to Absent or Existing Parties

This factor concerns "what a judgment in the action would mean to the absentee" as well as to the existing parties. Fed. R. Civ. P. 19 advisory committee's note. As discussed *supra* Part II.B.i, this proceeding affects the interests of the Absent Beneficiaries because it will arguably require an accounting of the Trusts, construction of terms of the Trusts, and determination of Plaintiff's rights with respect to the Trusts. Therefore, a judgment here could possibly prejudice the interests of the Absent Beneficiaries.

Plaintiff contends dismissal would cause the parties' time and effort in this case to be wasted because Defendant's motion was filed after discovery was underway. However, a motion to dismiss under Rule 19 may be filed "as late as the trial on the merits," because information about the relationship of an absent person to the action may emerge in the course of discovery. Fed. R. Civ. P. 19 advisory committee's note (citing Fed. R. Civ. P. 12(h)(2) and 12(b)(7)). Defendant states that in the course of discovery she learned that Plaintiff challenges certain disbursements that Defendant made to the Absent Beneficiaries, suggesting that Plaintiff's interests conflict with those of the Absent Beneficiaries. In addition, Defendant is exposed to the risk of multiple or inconsistent obligations arising from the same conduct if this action proceeds without the Absent Beneficiaries. The Court finds the prejudice to Defendant and the Absent Beneficiaries if this action is not dismissed outweigh any prejudice to Plaintiff, and this factor accordingly weighs in favor of dismissal.

### b. Protective Measures to Lessen or Avoid Prejudice

Under Rule 19(b)(2), courts consider the extent to which any prejudice can be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures. Plaintiff contends that to avoid prejudice to the Absent Beneficiaries, the Court could award any money

damages and attorneys' fees against Defendant individually, rather than against the Trusts. However, as discussed *supra* Part II.B.i, a judgment for money damages in this proceeding could still affect the interests of the Absent Beneficiaries. Furthermore, there are no practical remedies to prevent Defendant from the risk of other potential claims by the Absent Beneficiaries if they are not joined. The Court therefore finds this factor weighs in favor of dismissal.

### c. Adequacy of a Judgment in This Action

Plaintiff argues that a judgment here would be adequate because she could recover all of the money damages she seeks from Defendant. *See, e.g., Rishell*, 94 F.3d at 1412-13. However, this factor also addresses the adequacy of resolution of the entire dispute. *See Hjersted*, 2009 WL 2982917, at *9 (citing *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1292-93 (10th Cir. 2003) ("The concern underlying this factor is not the plaintiff's interest but that of the courts and the public in complete, consistent, and efficient settlement of controversies, that is, the public stake in settling disputes by wholes, whenever possible." (internal quotations omitted))). On that basis, any judgment here would be inadequate because the Absent Beneficiaries may bring duplicative claims, with potentially inconsistent results. Furthermore, proceeding without the Absent Beneficiaries may frustrate the intention of the settlors to distribute assets of the Trusts proportionally among the beneficiaries. *See Faunce v. Bird*, 210 F.R.D. 725, 728 (D. Or. 2002) (finding beneficiary was necessary party because of grantor's "express desire that the two brothers receive equal shares of the trust remainder") (citing *Walsh*, 692 F.2d at 1243). In order to "finally determine the entire controversy . . . by adjusting all the rights involved in it," the Absent Beneficiaries must be joined. *Shields v. Barrow*, 58 U.S. 130, 139 (1854). Therefore, this factor weighs in favor of dismissal.

#### d. Whether Plaintiff Would Have an Adequate Remedy

The absence of an alternative forum is a critical factor to determine whether an absent party is indispensable and "would weigh heavily, if not conclusively against dismissal." *See Rishell*, 94 F.3d at 1413. However, the absence of an alternative forum is not necessarily determinative. *See Davis ex rel. Davis*, 343 F.3d at 1290 (affirming dismissal of action based on consideration of all factors, even though the unavailability of an alternative forum was found to be "compelling").

Plaintiff contends she may be unable to bring her claims in state court because she may not be able to force joinder of John Pettigrove, a Texas resident, and Bill Wood, a Louisiana resident. Under Oklahoma's civil procedure rules, such joinder is feasible only if the person is subject to service of process in the action. However, the Trusts are expressly to be construed and governed under Oklahoma law, the terms therein binding on the beneficiaries, and both Trusts have owned property in Oklahoma throughout their existence. Moreover, it is undisputed that the Absent Beneficiaries have accepted distributions from the Trust. Accordingly, the Court is not persuaded that Plaintiff would be unable to pursue her claims in state court. *See Brady v. Nelson-Archer*, No. 05-520, 2005 WL 1532999 (W.D. Okla. June 28, 2005) (applying Oklahoma law) (finding personal jurisdiction existed over out-of-state party, where party claimed to be a beneficiary of a trust and managed property in Oklahoma belonging to the trust); *see also Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) ("Specific jurisdiction . . . is premised on something of a *quid pro quo*: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts."). Accordingly, the Court finds this factor does not outweigh the other considerations discussed above in favor of dismissal.

**III.    Conclusion**

For the reasons set forth above, the Court finds the Absent Beneficiaries are indispensable parties under Rule 19.  Defendant's Motion to Dismiss (Doc. 61) is therefore GRANTED.

Plaintiff's Motion in Limine (Doc. 78); Plaintiff's Motion for Summary Judgment (Doc. 79); Defendant's Motion for Partial Summary Judgment (Doc. 80); and Defendant's Motion to Exclude Testimony (Doc. 81); and Defendant's Motion for Leave to File Supplemental Brief in Support of Defendant's Motion to Dismiss (Doc. 85) are DENIED as MOOT as a result of the dismissal of this action.

The Court will enter a Judgment of Dismissal, which terminates this litigation.

**DATED THIS 30th day of October, 2017.**

_____
**TERENCE C. KERN**
**United States District Judge**